**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar # 236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**

**(707) 441-1177**
**FAX 441-1533**

**Attorney for Plaintiff, HERBERT S. OLSON**



FILED

JAN 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT S. OLSON,<br><br>    Plaintiff,<br><br>v.<br><br>AARON SCHMADEKE, ALYCE SCHMADEKE, dba COTTAGE COFFEE SHOP, BETTY J. OWENS, Trustee of the BETTY J. OWENS REVOCABLE TRUST OF 1994, THOMAS E. STITES, as Trustee of the THOMAS E. STITES Trust dated January 28, 1999, and DOES ONE to FIFTY, inclusive,<br><br>    Defendants. | Case No.<br>CV 08 0670<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990; VIOLATION OF CALIFORNIA'S CIVIL RIGHTS STATUTES**<br><br>**JURY TRIAL REQUESTED** |

JCS

Plaintiff **HERBERT S. OLSON** complains of defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, dba COTTAGE COFFEE SHOP, BETTY J. OWENS, Trustee of the BETTY J. OWENS REVOCABLE TRUST OF 1994, THOMAS E. STITES, as Trustee of the THOMAS E. STITES Trust dated January 28, 1999,  and DOES ONE to FIFTY, inclusive,** and alleges as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction of this action pursuant to 28 **USC** § 1331 for violations of the **Americans with Disabilities Act of 1990**, (42 **USC** § 12101, *et seq*.) Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    1

also brought under California law, including, but not limited to, violations of **California Health & Safety Code** § 19955, *et seq.*, including **California Code of Regulations,** Title 24, § 19959, **California Civil Code** §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55.

2.    Venue is proper in this court pursuant to 28 **USC** § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district, at Lakeport, Lake County, California, and that Plaintiff's causes of action arose in this district.

## INTRODUCTION

3.    **COTTAGE COFFEE SHOP** is located at 1090 N. Main Street, Lakeport, California. Said restaurant is owned and operated by defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS, Trustee, THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive**.

4.    Defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS, Trustee, THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive,** operate an establishment for services to the public and at which Defendants failed to provide barrier free access to said establishment in conformity with both Federal and California legal requirements. Further, Defendants failed to provide compliance as follows:

      1.    There is no van accessible parking in violation of California Title 24 §1129B.4 (2), ADAAG 4.6.3.

      2.    The entrance has no international symbol for accessibility in violation of California Title 24 § 1117B.5.8.1.2, §1128B.3, ADAAG 4.1.5, 4.1.6.

      3.    The front door hardware requires tight pinching and turning of the wrist in violation of California Title 24 §1133B.2.5.2, ADAAG 4.13.9*.

      4.    There is no accessible seating inside or outside the restaurant in violation of California Title 24 § 1122B.2, ADAAG 5.1*, 5.4.

      5.    The customer counter inside is too high in violation of California Title 24 §1122B.1, ADAAG 5.2.

      6.    The men's restroom is inaccessible in violation of California Title 24 §1115B.7, ADAAG 4.16.1.

      7.    The men's restroom door has no international symbol on the front to indicate accessibility in violation of California Title 24 § 1115B.5, ADAAG 4.30.4*.

1    The above barriers interfered with Plaintiff's access of the facilities and continue to deter
2    Plaintiff from visiting said facilities, and as a legal result, Plaintiff **HERBERT S. OLSON** suffers
3    violations of his civil rights to full and equal enjoyment of goods, services, facilities and
4    privileges, and has and will suffer embarrassment and humiliation.

5                                    **FACTUAL ALLEGATIONS**

6         5.     Plaintiff **HERBERT S. OLSON** is, and at all times relevant to this Complaint is, a
7    "physically handicapped person, "physically disabled person," and a "person with a disability,"
8    as these terms are used under California law and under federal laws including, but not limited
9    to, Title III of the *Americans with Disabilities Act of 1990*.    (The terms "physically
10   handicapped person," "physically disabled person," and a "person with a disability" will be used
11   interchangeably throughout this Complaint.)  Plaintiff is a "person with a disability," as defined
12   by all applicable California and United State's laws.  Plaintiff **HERBERT S. OLSON** is severely
13   limited in the use of his legs.

14        6.     Defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS,**
15   **Trustee, THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive,** at all times
16   relevant herein were and are the owners and operators; lessors and/or lessees, franchisers
17   and/or franchisees, of public facilities known as the "**COTTAGE COFFEE SHOP**," located in
18   Lakeport, California, subject to the requirements of California state law requiring full and equal
19   access to public facilities pursuant to *California Health & Safety Code* § 19955, *et seq.*,
20   *California Civil Code* §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55, and subject to Title III of
21   the *Americans with Disabilities Act of 1990*, and to all other legal requirements referred to in
22   this Complaint.    Plaintiff does not know the relative responsibilities of defendants in the
23   operation of the facilities herein complained of, and alleges a joint venture and common
24   enterprise by all such defendants.

25        7.     Defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS,**
26   **Trustee, THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive** (hereinafter
27   alternatively referred to collectively as "defendants"), at all times relevant herein were and are
28   owners, possessors, builders and keepers of the "**COTTAGE COFFEE SHOP**" in Lakeport,

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    3

California.

8.    Defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS, Trustee, THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive** are the owners and operators of the subject "**COTTAGE COFFEE SHOP**" at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in legally causing the damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

9.    Plaintiff **HERBERT S. OLSON** does not know the true names and capacities of defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS, Trustee and THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive**, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS, Trustee, THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive**, are ascertained.

10.    Plaintiff is informed and believes that all named defendants, including DOES

1  ONE to FIFTY, inclusive, conspired to commit the acts described herein, or alternatively, aided
2  and abetted one another in the performance of the wrongful acts hereinafter alleged.

3      11.    Defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS,**
4  **Trustee, THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive**, are the owners
5  and operators of the "**COTTAGE COFFEE SHOP**," located at Lakeport, California.   This
6  restaurant, including, but not limited to, parking spaces and access aisles and access routes,
7  are each a part of a "public accommodation or facility" subject to the requirements of
8  *California Health & Safety Code* § 19955, *et seq.*, and of *California Civil Code* §§ 51, 52(a),
9  54, 54.1, *et seq.*  On information and belief, this "**COTTAGE COFFEE SHOP**" restaurant was
10  constructed after 1990, which has subjected the "**COTTAGE COFFEE SHOP**" restaurant to
11  handicapped access requirements per *California Health & Safety Code* § 19959, and
12  applicable portions of *California Code of Regulations*, Title 24, (the State Building Code).

13      12.    On or about October 8, 2007, Plaintiff **HERBERT S. OLSON** visited the
14  "**COTTAGE COFFEE SHOP**" in Lakeport, California for the purpose of dining.  Defendants
15  **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS, Trustee, THOMAS E.**
16  **STITES, Trustee, and DOES ONE to FIFTY, inclusive**, interfered with Plaintiff's access to the
17  "**COTTAGE COFFEE SHOP**" as set forth in Paragraph 4 above.

18      Said acts and omissions denied Plaintiff legal access to the "**COTTAGE COFFEE**
19  **SHOP**" according to federal and state law.

20      13.    Plaintiff's home, in Fallon, Nevada, is approximately 315 miles from the
21  "**COTTAGE COFFEE SHOP**", in Lakeport, California.  Plaintiff travels regularly to Lakeport for
22  business and pleasure.  Plaintiff intends to return to "**COTTAGE COFFEE SHOP**" in Lakeport,
23  California when this public accommodation is made accessible.

24      14.    Plaintiff encountered and/or is informed and believes that the following
25  architectural barriers, which violate the requirements of the *California Code of Regulations*
26  Title 24 and *ADAAG*, existed and continue to exist thereby denying Plaintiff and those similarly
27  situated full and equal access to the subject public facility as set forth in Paragraph 4 above.

28      15.    Defendants, and each of them, discriminated against Plaintiff **HERBERT S.**

1  **OLSON** on the basis of his physical disability, and interfered with his access to the "**COTTAGE**
2  **COFFEE SHOP**" establishment, in violation of both California law including, but not limited to,
3  *California Civil Code* §§ 51, 51.5, 54, 54.1, and a violation of Title III, §302, the "Prohibition of
4  Discrimination" provision and §503, the "Prohibition Against Retaliation or Coercion" provision
5  of the *Americans with Disabilities Act of 1990*.

6      16.    As a result of the actions and failure to act of defendants, and each of them, and
7  as a result of the failure to provide appropriate accessible parking, proper handicapped
8  signage, proper accessible entryways, and accessible accommodations for a restaurant,
9  Plaintiff **HERBERT S. OLSON** suffered and will suffer a loss of his civil rights to full and equal
10  access to public facilities, and further suffered and will suffer emotional distress, mental
11  distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment,
12  anger, chagrin, disappointment and worry, expectedly and naturally associated with a person
13  with a physical disability being denied access to a public accommodation, all to his damages
14  as prayed hereinafter in an amount within the jurisdiction of this court.

15  **I.    FIRST CAUSE OF ACTION:**
      VIOLATION OF *THE AMERICANS WITH DISABILITIES ACT OF 1990*
16    (42 *USC* §12101 *et seq.*)

17      17.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
18  the allegations contained in paragraphs 1 through 16 of this Complaint and incorporates them
19  herein as if separately repled.

20      18.    Pursuant to law, in 1990 the United States Congress made findings per 42 *USC*
21  § 12101 regarding persons with physical disabilities, finding that laws were needed to more
22  fully protect 43 million Americans with one or more physical or mental disabilities; [that]
23  historically society has tended to isolate and segregate individuals with disabilities; [that] such
24  forms of discrimination against individuals with disabilities continue to be a serious and
25  pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities
26  are to assure equality of opportunity, full participation, independent living and economic self-
27  sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary
28  discrimination and prejudice denies people with disabilities the opportunity to compete on an

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    6

equal basis and to pursue those opportunities for which our free society is justifiably famous.

19.    Congress stated as its purpose in passing the *Americans with Disabilities Act of 1990* (42 *USC* § 12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

20.    As part of the *Americans with Disabilities Act of 1990*, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 *USC* § 12181 *et seq.*).  Among the public accommodations identified for purposes of this title were "a restaurant, bar, or other establishment serving food or drink;"

21.    Pursuant to 42 *USC* § 12182,

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

22.    Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(1)(A)(i):

> **Denial of participation**.  It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

23.    Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(1)(E):

> **Association** -- It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an

COMPLAINT FOR DAMAGES, INJUNCTION RELIEF     7

individual with whom the individual or entity is known to have a relationship or association.

The acts of defendants set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 *CFR* Part 36 et seq.

24.     Among the general prohibitions against discrimination were included in 42 *USC* § 12182(b)(2)(A)(i) and 42 *USC* § 12182(b)(2)(A)(ii):

**Discrimination.** For purposes of subsection (a), discrimination includes -

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

25.     Plaintiff alleges that constructing the eligibility requirements, policies, practices and procedure for entry to the "**COTTAGE COFFEE SHOP**" facility by persons with disabilities and their companions as established by the defendants can be simply modified to eliminate disparate and discriminatory treatment of persons with disabilities by properly constructing barrier free handicapped access for safe and full and equal enjoyment of the "**COTTAGE COFFEE SHOP**" as that enjoyed by other people.

26.     The specific prohibition against retaliation and coercion is included in the *Americans With Disabilities Act of 1990* § 503(b) and the *Remedies and Procedures* in § 503(c):

(b) Interference, Coercion, or Intimidation. - It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

(c) Remedies and Procedure. - The remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to Title I, Title II and Title III, respectively.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF     8

1    27.    Among the specific prohibitions against discrimination were included, in 42 **USC**

2   § 12182(b)(2)(a)(iv), "A failure to remove architectural barriers, and communications barriers

3   that are structural in nature, in existing facilities...where such removal is readily achievable;"

4   and (v) "where and entity can demonstrate that the removal of a barrier under clause (iv) is not

5   readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or

6   accommodations available through alternative methods if such methods are readily

7   achievable." The acts of Defendants set forth herein were a violations of Plaintiff's rights under

8   the "ADA," Public Law 101-336, and the regulations promulgated thereunder, 28 **CFR** Part 36,

9   *et seq.*

10    28.    The removal of the barriers complained of by Plaintiff as hereinabove alleged

11  were at all times after 1990 "readily achievable." On information and belief, if the removal of all

12  the barriers complained of here together were not "readily achievable," the removal of each

13  individual barrier complained of herein was "readily achievable."

14    29.    Per 42 **USC** § 12181(9), "The term 'readily achievable' means easily

15  accomplishable and able to be carried out without much difficulty or expense." The statute and

16  attendant regulations define relative "expense" in relation to the total financial resources of the

17  entities involved, including any "parent" companies. Plaintiff alleges that properly repairing

18  each of the items that Plaintiff complains of herein is readily achievable, including, but not

19  limited to, correcting and repairing the items set forth in Paragraph 4 above.

20    The changes needed to remove barriers to access for the disabled were and are

21  "readily achievable" by the defendants under standards set forth under 42 **USC** § 12181 of the

22  **Americans with Disabilities Act of 1990**. (Further, if it was not "readily achievable" for

23  defendants to remove all such barriers, defendants have failed to make the required services

24  available through alternative methods, although such methods are achievable as required by

25  42 **USC** §12181(b)(2)(a)(iv), (v).)

26    30.    Pursuant to the **Americans with Disabilities Act of 1990**, §308 (42 **USC** §

27  12188 *et seq.*), Plaintiff is entitled to the remedies and procedures set forth in the **Civil Rights**

28  **Act of 1964** §204(a), (42 **USC** § 2000a-3(a)), as Plaintiff is being subjected to discrimination

1  on the basis of disability in violation of this title and/or Plaintiff has reasonable grounds for
2  believing that he is about to be subjected to discrimination in violation of *Americans With*
3  *Disabilities Act of 1990* §302. Plaintiff cannot return to or make use of the public facilities
4  complained of herein for the purpose of entry and provision of goods and service so long as
5  defendants continue to apply eligibility criteria, policies, practices and procedures to screen out
6  and refuse to allow entry and service to persons with disabilities such as Plaintiff's.

7       31.    Defendants', and each of their acts and omissions of failing to provide barrier free
8  handicapped access for Plaintiff, were tantamount to interference, coercion or intimidation
9  pursuant to *Americans With Disabilities Act of 1990* §503(b) (now 42 *USC* § 12203):

10          It shall be unlawful to coerce, intimidate, threaten, or interfere with any
            individual in the exercise or enjoyment of, or on account of his or her having
11          aided or encouraged any other individual in the exercise or enjoyment of, any
            right granted or protected by this Act.
12

13       32.    Per *Americans With Disabilities Act of 1990* § 308(a)(1) (now 42 *USC* §
14  12188), "Nothing in this section shall require a person with a disability to engage in a futile
15  gesture if such person has actual notice that a person or organization covered by this title does
16  not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information
17  and belief, alleges that defendants have continued to violate the law and deny the rights of
18  Plaintiff and other disabled persons to access this public accommodation for the purpose of
19  dining. Therefore, Plaintiff seeks injunctive relief pursuant to §308(a)(2),

20          "…Where appropriate, injunctive relief shall also include requiring the
            provision of an auxiliary aid or service, modifications of a policy, or provision of
21          alternative methods, to the extent required by this title."

22       33.    Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the *Civil Rights*
23  *Act of 1964* (42 *USC* § 2000a-3(a), and pursuant to federal regulations adopted to implement
24  the *Americans with Disabilities Act of 1990*, including, but not limited to, an order granting
25  injunctive relief and attorneys' fees. Such attorneys' fees, "including litigation expenses and
26  costs," are further specifically provided for by §505 of Title III.

27       WHEREFORE, Plaintiff prays for damages as hereinafter stated.

28  ///

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF     10

**II.   SECOND CAUSE OF ACTION**

BREACH OF STATUTORY PROTECTIONS FOR PERSONS WITH PHYSICAL DISABILITIES (*California Health & Safety Code* § 19955, *et seq.*)

34.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 33 of this Complaint and incorporate them herein as if separately repled.

35.   *California Health & Safety Code* § 19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the *Government Code*. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

36.   *California Health & Safety Code* § 19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the *Government Code...*" *California Health & Safety Code* § 19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of "**COTTAGE COFFEE SHOP**" and/or of its buildings, were constructed and/or altered after July 1, 1970, and substantial portions of said building had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said public accommodations and/or buildings to be subject to the requirements of Part 5.5, *California Health & Safety Code* § 19955, *et seq.*, upon such alteration, structural repairs or additions per *California Health & Safety Code* § 19959.

37.   Pursuant to the authority delegated by *California Government Code* § 4450, *et seq.*, the State Architect promulgated regulations for the enforcement of these provisions. Effective January 1, 1982, Title 24 of the *California Administrative Code* adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the **"COTTAGE COFFEE SHOP"** occurring after that date.

1    Construction changes occurring prior to this date but after July 1, 1970 triggered access
2    requirements pursuant to the "ASA" requirements, the *American Standards Association*
3    *Specifications*, A117.1-1961. On information and belief, at the time of the construction and
4    modification of said building, all buildings and facilities covered were required to conform to
5    each of the standards and specifications described in the *American Standards Association*
6    *Specifications* and/or those contained in Title 24 of the *California Administrative Code*,
7    (now known as Title 24, *California Code of Regulations*.)

8        38.    Public    facilities,    such    as    "**COTTAGE    COFFEE    SHOP**"    are    public
9    accommodations or facilities within the meaning of *California Health & Safety Code* § 19955,
10   *et seq.*

11       39.    It is difficult or impossible for persons with physical disabilities who use
12   wheelchairs, canes, walkers and service animals to travel about in public to use a restaurant
13   with the defects set forth in Paragraph 4 above as required by Title 24 of the *California Code*
14   *of Regulations* and the *Americans with Disabilities Act Access Guidelines (ADAAG)*.
15   Thus, when public accommodations fail to provide handicap accessible public facilities,
16   persons with physical disabilities are unable to enter and use said facilities, and are denied full
17   and equal access to and use of that facility that is enjoyed by other members of the general
18   public.

19       40.    Plaintiff **HERBERT S. OLSON** and other similarly situated persons with physical
20   disabilities whose physical conditions require the use of wheelchairs, canes, walkers and
21   service animals are unable to use public facilities on a "full and equal" basis unless each such
22   facility is in compliance with the provisions of the *California Health & Safety Code* § 19955,
23   *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the
24   provisions of *California Health & Safety Code* § 19955, *et seq.*

25       41.    The *California Health & Safety Code* was enacted "[t]o ensure that public
26   accommodations or facilities constructed in this state with private funds adhere to the
27   provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the *Government*
28   *Code.*" Such public accommodations are defined to include restaurants.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF     12

1    42.    Plaintiff is further informed and believes that as of the date of filing this
2    Complaint, Defendants have not made accessible the facilities at the subject restaurant as set
3    forth in Paragraph 4 above.

4    43.    Plaintiff **HERBERT S. OLSON** is informed and believes, and therefore alleges,
5    that Defendants **AARON SCHMADEKE, ALYCE SCHMADEKE, BETTY J. OWENS, Trustee,**
6    **THOMAS E. STITES, Trustee, and DOES ONE to FIFTY, inclusive**, and each of them,
7    caused the subject buildings constituting "**COTTAGE COFFEE SHOP**" to be constructed,
8    altered and maintained in such a manner that persons with physical disabilities were denied full
9    and equal access to, within and throughout said buildings and were denied full and equal use
10   of said public facilities, and despite knowledge and actual and constructive notice to such
11   Defendants that the configuration of the restaurant and/or buildings was in violation of the civil
12   rights of persons with physical disabilities, such as Plaintiff.  Such construction, modification,
13   ownership, operation, maintenance and practices of such public facilities are in violation of law
14   as stated in Part 5.5, *California Health & Safety Code* § 19955, *et seq.*, and elsewhere in the
15   laws of California.

16   44.    On information and belief, the subject building constituting the public facilities of
17   "**COTTAGE COFFEE SHOP**" denied full and equal access to Plaintiff and other persons with
18   physical disabilities in other respects due to non-compliance with requirement of Title 24 of the
19   *California Code of Regulations* and *California Health & Safety Code* § 19955, *et seq.*

20   45.    The basis of Plaintiff's aforementioned information and belief is the various
21   means upon which Defendants must have acquired such knowledge, including, but not limited
22   to, this lawsuit, other access lawsuits, communications with operators of other restaurants and
23   other property owners regarding denial access, communications with Plaintiff and other
24   persons with disabilities, communications with other patrons who regularly visit there,
25   communications with owners of other businesses, notices and advisories they obtained from
26   governmental agencies through the mails, at seminars, posted bulletins, television, radio,
27   public service announcements, or upon modification, improvement, alteration or substantial
28   repair of the subject premises and other properties owned by these Defendants, newspaper

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    13

articles and trade publications regarding the *Americans with Disabilities Act of 1990* and other access law, and other similar information. The scope and means of the knowledge of each defendant is within each defendant's exclusive control and cannot be ascertained except through discovery.

46.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his civil rights and enforce provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities, and to take such action both in his own interests and in order to enforce an important right affecting the public interest. Plaintiff, therefore, seeks damages in this lawsuit for recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the *California Code of Civil Procedure* § 1021.5. Plaintiff additionally seeks attorneys' fees pursuant to *California Health & Safety Code* § 19953 and *California Civil Code* §§ 54.3 and 55.

47.    Defendants, and each of them, at times prior to and including October 8, 2007, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendants failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff **HERBERT S. OLSON** and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 43 of this Complaint. Defendants have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants and each of them have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access. Such actions and continuing course of conduct by Defendants, evidence despicable conduct in conscious disregard for the rights or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to *California Civil Code* § 54.3.

48.    Defendants' actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    14

1   intent toward those members of the public, such as Plaintiff and other persons with physical
2   disabilities who have been denied the proper access they are entitled to by law.  Further,
3   Defendants' refusals on a day-to-day basis to correct these problems evidence despicable
4   conduct in conscious disregard for the rights of Plaintiff and other members of the public with
5   physical disabilities.

6       49.    Plaintiff prays for an award of treble damages against Defendants, and each of
7   them, pursuant to *California Civil Code* § 54.3 in an amount sufficient to make a more
8   profound example of Defendants and discourage owners, operators, franchisers and
9   franchisees of other public facilities from willful disregard of the rights of persons with physical
10  disabilities.

11      50.    As a result of the actions and failure of Defendants, and each of them, and as a
12  result of the failure to provide proper accessible public facilities, Plaintiff **HERBERT S. OLSON**
13  was denied his civil rights, including his right to full and equal access to public facilities, was
14  embarrassed and humiliated, suffered physical, psychological and mental injuries and
15  emotional distress, mental distress, mental suffering, mental anguish, which includes shame,
16  humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and
17  naturally associated with a person with a physical disability being denied access to a public
18  accommodation.

19      WHEREFORE, Plaintiff prays for damages as hereinafter stated.

20  **III.   THIRD CAUSE OF ACTION**
         VIOLATION OF CALIFORNIA'S CIVIL RIGHTS ACTS
21       (*California Civil Code* §§ 54, 54.1 and 54.3)

22      51.    Plaintiff repleads and incorporates by reference as if fully set forth again herein,
23  the allegations contained in paragraphs 1 through 50 of this Complaint and incorporates them
24  herein as if separately repled.

25      52.    The public facilities above-described constitute public facilities and public
26  accommodations within the meaning of *California Health & Safety Code* § 19955 *et seq*. and
27  were facilities to which members of the public are invited.  The aforementioned acts and
28  omissions of defendants, and each of them, constitute a denial of equal access to and use and

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    15

1   enjoyment of these facilities by persons with disabilities, including Plaintiff **HERBERT S.**

2   **OLSON**. Said acts and omissions are also in violation of provisions of Title 24 of the

3   *California Code of Regulations*.

4       53.     The rights of Plaintiff, the entitlement of Plaintiff to full and equal access and the

5   denial by defendants of such rights and entitlements are set forth in *California Civil Code* §§

6   54, 54.1 and 54.3, to wit:

7           Individuals with disabilities shall have the same right as the...general public
        to full and free use of the streets, highways, sidewalks, walkways, public
8           buildings, public facilities, and other public places. *California Civil Code* § 54(a).

9           Individuals with disabilities shall be entitled to full and equal access, as
        other members of the general public, to accommodations, advantages, facilities,
10      and privileges of all common carriers, airplanes, motor vehicles, railroad trains,
        motor buses, streetcars, boats, or any other public conveyances or modes of
11      transportation (whether private, public, franchised, licensed, contracted, or
        otherwise provided), telephone facilities, adoption agencies, private schools,
12      hotels, lodging places, places of public accommodation, amusement or resort,
        and other places to which the general public is invited, subject only to the
13      conditions and limitations established by law, or state or federal regulation, and
14      applicable alike to all persons. *California Civil Code* § 54.1(a).

15      54.     On or about October 8, 2007, Plaintiff **HERBERT S. OLSON** suffered violations

16  of *California Civil Code* §§ 54 and 54.1 in that he was denied full and equal enjoyment of the

17  goods, services, facilities and privileges of said **COTTAGE COFFEE SHOP**, as set forth in

18  paragraph 4 above.

19      Plaintiff was also denied full and equal access to other particulars, including, but not

20  limited to, those described hereinabove. Plaintiff was also denied use of facilities that he was

21  entitled to under Title III of the *Americans with Disabilities Act of 1990*.

22      55.     As a result of the denial of full and equal enjoyment of the goods, services,

23  facilities and privileges of defendants' **COTTAGE COFFEE SHOP** due to the acts and

24  omissions of defendants, and each of them, in owning, operating and maintaining this subject

25  public facility, Plaintiff suffered violations of his civil rights, including, but not limited to, rights

26  under *California Civil Code* §§ 54, 54.1, and 54.3, and has and will suffer physical injury,

27  emotional distress, mental distress, mental suffering, mental anguish, which includes shame,

28  humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    16

naturally associated with a disabled person's denial of full and equal enjoyment of goods, services, privileges, etc. all to his damages as prayed hereinafter in an amount within the jurisdiction of the court. Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff was physically disabled.

56.    Plaintiff seeks damages for the violation of his rights as a disabled person on or about October 8, 2007, according to proof, pursuant to *California Civil Code* § 54.3, including a trebling of all statutory and actual damages, general and special, available pursuant to *California Civil Code* § 54.3(a).

57.    As a result of defendants' acts and omissions in this regard, Plaintiff **HERBERT S. OLSON** has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce provisions of the law protecting the full and equal enjoyment of goods, services, facilities, privileges of public facilities by the disabled, and those individuals associated with or accompanied by a person with disabilities, and prohibiting discrimination against the disabled. Plaintiff, therefore, seeks recovery in this lawsuit for all reasonable attorneys' fees incurred pursuant to the provisions of *California Civil Code* § 55. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to compel the defendants to make their goods, services, facilities and privileges available and accessible to all members of the public with physical disabilities, justifying public interest attorneys' fees pursuant to the provisions of *California Code of Civil Procedure* § 1021.5.

58.    The acts and omissions of defendants in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the *Americans with Disabilities Act of 1990*, and refusal to make remedial modifications and alterations to its handicapped parking, handicapped signage, pathways, and other elements as hereinabove stated, after being notified by patrons before and after the time of Plaintiff's visit and injuries, on or about October 8, 2007, and all times prior thereto with the knowledge that persons with disabilities would enter defendants' premises, the reason given therefor, was an established policy, practice and procedure of refusing and denying entry, thereby denying services to a person with disabilities and the companions thereof, evidence malice and oppression toward

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    17

Plaintiff and other disabled persons.

59.    Plaintiff seeks injunctive relief pursuant to *California Civil Code* § 55 to require Defendants to comply with federal and state access regulations.

60.    Defendants have failed to establish a nondiscriminatory criteria, policy, practice and procedure for entry into said "**COTTAGE COFFEE SHOP**" as hereinabove described.

61.    As a result of defendants' continuing failure to provide for the full and equal enjoyment of goods, services, facilities and privileges of said "**COTTAGE COFFEE SHOP**" as hereinabove described, Plaintiff has continually been denied his rights to full and equal enjoyment of the subject restaurant, as it would be a "futile gesture" to attempt to patronize said "**COTTAGE COFFEE SHOP**" with the discriminatory policy in place as hereinabove described.

62.    The acts and omissions of defendants as complained of herein in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the *Americans with Disabilities Act of 1990* and refusal to make remedial modifications and alternations to the architectural barriers as stated herein and in failing to establish practices, policies and procedures to allow safe access by persons who are disabled are continuing on a day-to-day basis to have the effect of wrongfully and willfully excluding Plaintiff and other members of the public who are physically disabled, from full and equal enjoyment of the subject "**COTTAGE COFFEE SHOP**" as hereinabove described. Such acts and omissions are the continuing cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is physically disabled. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve full and equal enjoyment of the goods and services of said "**COTTAGE COFFEE SHOP**" as described hereinabove.    The acts of defendants have legally caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

63.    Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by defendants to permit entry to said "**COTTAGE COFFEE SHOP**" and to

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    18

1  serve Plaintiff or others similarly situated, and to require defendants to comply forthwith with
2  the applicable statutory requirements relating to the full and equal enjoyment of goods and
3  services as described hereinabove for disabled persons. Such injunctive relief is provided by
4  *California Civil Code* § 55. Plaintiff further requests that the court award statutory costs and
5  attorneys' fees to Plaintiff pursuant to *California Civil Code* § 55 and *California Code of Civil*
6  *Procedure* § 1021.5, all as hereinafter prayed for.

7      WHEREFORE, Plaintiff prays for compensatory damages, reasonable attorneys' fees
8  and costs of suit, as allowed by statute and according to proof.

9  **IV.    FOURTH CAUSE OF ACTION**
        VIOLATIONS OF *UNRUH CIVIL RIGHTS ACT*
10       (*California Civil Code* §§ 51 and 51.5)

11     64.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
12  the allegations contained in paragraphs 1 through 63 of this Complaint and incorporates them
13  herein as if separately repled.

14     65.    Defendants' acts and omissions as specified with regard to the discriminatory
15  treatment of Plaintiff **HERBERT S. OLSON** on the basis of his physical disabilities, have been
16  in violation of *California Civil Code* §§ 51 and 51.5, the *Unruh Civil Rights Act*, and have
17  denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities,
18  privileges or services in all business establishments of every kind whatsoever."

19     66.    *California Civil Code* § 51 also provides that "[a] violation of the right of any
20  individual under the *Americans with Disabilities Act of 1990* (Public Law 101-336) shall also
21  constitute a violation of this section."

22     67.    *California Civil Code* § 51.5 also provides that

23       "[n]o business establishment of any kind whatsoever shall discriminate against,
        boycott, or blacklist, refuse to buy from, sell to, or trade with any person in this
24       state because of the race, creed, religion, color, national origin, sex, disability of
        the person or of the person's partners, members, stockholders, directors,
25       officers, managers, superintendents, agents, employees, business associates,
        suppliers, or customers."
26

27     68.    As a result of the violation of Plaintiff's civil rights protected by *California Civil*
28  *Code* §§ 51 and, 51.5, Plaintiff is entitled to the rights and remedies of *California Civil Code* §

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    19

1    52, including a trebling of actual damages (defined by *California Civil Code* § 52(h) to mean
2    "special and general damages"), as well as reasonable attorneys' fees and costs, as allowed
3    by statute, according to proof.

4    WHEREFORE, Plaintiff prays that this court award damages and provide relief as
5    follows:

6    **PRAYER FOR RELIEF**

7    Plaintiff prays that this court award damages and provide relief as follows:

8    1.    Grant injunctive relief requiring that defendants establish a non-discriminatory
9    criteria policy, practice and procedure permitting entry into the **COTTAGE COFFEE SHOP** in
10   Lakeport, California, for the purpose of obtaining the goods and services accorded therein
11   according to *California Civil Code* §§ 51, 51.5, 52, 54, 54.1, 54.3, and 55, *et seq.*, and Title III
12   of th0e *Americans with Disabilities Act of 1990*, and grant injunctive relief requiring that
13   Defendants repair and render safe to disabled persons, and otherwise make accessible, all
14   public areas of the restaurant, including, but not limited to, each of the barriers to access
15   identified in Paragraph 4, above, and make such facilities "readily accessible to and usable by
16   individuals with disabilities," according to the standards of Title 24 of the *California
17   Administrative Code*, *California Health & Safety Code* § 19955 *et seq.*, and Title III of the
18   *Americans with Disabilities Act of 1990* and the standards of *ADAAG*; and prohibiting
19   operation of the **COTTAGE COFFEE SHOP**, located in Lakeport, California, as a public facility
20   until Defendants provide full and equal enjoyment of goods and services as described
21   hereinabove to physically disabled persons, including Plaintiff;

22   2.    General damages according to proof;

23   3.    Statutory and "actual" damages, including general damages and special
24   damages, according to proof, pursuant to *California Civil Code* §§ 52, and 54.3, and that
25   these damages be trebled;

26   4.    Prejudgment interest on all compensatory damages;

27   5.    Remedies and Procedures available under *Americans with Disabilities Act of
28   1990* §§ 107, 203 and 308;

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    20

6.    Award Plaintiff all litigation expenses, all costs of this proceeding and all reasonable attorneys' fees as provided by law, including, but not limited to, those recoverable pursuant to the provisions of **California Civil Code** §§ 52, 54.3, and 55, **California Code of Civil Procedure** § 1021.5, and **Americans with Disabilities Act of 1990** §308 of Title III; and

7.    Grant such other and further relief as the court may deem just and proper.

SINGLETON LAW GROUP

Dated:    January 24, 2008

Jason K. Singleton,
Richard E. Grabowski, Attorneys for
Plaintiff, **HERBERT S. OLSON**

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

SINGLETON LAW GROUP

Dated:    January 24,2008

Jason K. Singleton,
Richard E. Grabowski, Attorneys for
Plaintiff, **HERBERT S. OLSON**

JS 44 - CAND (Rev. 11/04)



# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

HERBERT S. OLSON

## DEFENDANTS

AARON SCHMADEKE, ALYCE SCHMADEKE, dba COTTAGE COFFEE SHOP, BETTY J. OWENS, Trustee of the BETTY J. OWENS REVOCABLE TRUST OF 1994, THOMAS E. STITES, as Trustee of the THOMAS E. STITES Trust dated January 28, 1999, and DOES ONE to FIFTY, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

CHURCHILL COUNTY, NEVADA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jason K. Singleton, Richard E. Grabowski (707) 441-1177
Singleton Law Group, 611 "L" Street, Suite A, Eureka, CA 95501

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                                     AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding
☐ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transferred from Another district (specify)
☐ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury | Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 RR & Truck | | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| Student Loans (Excl | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| Veterans) | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders Suits | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt Reporting & | ☐ 863 DIWC/DIWW (405(g)) | Act |
| ☐ 195 Contract Product Liability | | | Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | Act | ☐ 870 Taxes (US Plaintiff or | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence Habeas Corpus: | | Defendant | Determination Under |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party | Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC §1331, Violations of the Americans With Disabilities Act of 1990 (42 USC §12101 et seq.

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $☐   CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23    according to proof    JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S)
IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
January 24, 2008

SIGNATURE OF ATTORNEY OF RECORD